■ ROSECLIFF, INC., et al., Appellants, v OWEN J. CHEEVERS, Respondent, and PETER T. JOSEPH, Appellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 30, 1991, which granted the motion of plaintiffs Rosecliff, Inc., Seacliff Partners, L.P., and Penobscot Merchant Bank Partners, L.P., and additional defendant Peter T. Joseph for leave to reargue, and upon reargument, *inter alia,* adhered to its original determination denying partial summary judgment on the first cause of action and dismissal of the first, third and fifth counterclaims, unanimously affirmed, without costs or disbursements. Appeal from the order of the same court and Justice, entered April 19, 1991, dismissed as superseded, without costs or disbursements.

The IAS court properly determined that material issues of fact exist to preclude a grant of partial summary judgment on the first cause of action. Here, plaintiffs and the additional defendant Joseph sought to satisfy their burden of proof by relying on a series of limited partnership agreements with defendant Owen J. Cheevers, who had been hired away from another employer to manage plaintiff Rosecliff's portfolios on high-yield securities. Cheevers was also offered the opportunity to become a limited partner in investment partnerships associated with Rosecliff and did, in fact, purchase limited partnership interests in ten such investments, investing almost $2 million. Although each of the agreements purportedly called for Cheevers to withdraw his investments in the partnerships following the termination of his employment with Rosecliff, and required him to resell his entire partnership interests to Rosecliff for the amount of his "capital account," defined as capital contributions plus any income, less any distributions or losses, none of the ten agreements presented to the court were signed. The movants presented only four orphan—separate and unattached—signature pages, which do not identify the agreements to which they relate. While Cheevers did execute Assignment and Assumption Agreements expressly warranting that "he has received and reviewed a copy of the [Limited Partnership] Agreement, and hereby agrees to be bound by and comply with the terms and provisions thereof applicable to Limited Partners," there is still the question of what constitutes the underlying partnership agreement. Moreover, the documents are unclear and ambiguous as to the mode of valuation for purposes of determining Cheevers' monetary interest. Nor is there any record evidence to contradict Cheevers' claim that he was neither given nor shown copies of the partnership agreements when

he invested in these partnerships. Indeed, there is no evidence that these agreements were even in existence at the time.

Additionally, Cheevers' counterclaims sounding in breach of contract and fraud with respect to promises of bonuses and inducements allegedly made to get him to change jobs state causes of action and dismissal of these claims was properly denied.

In the circumstances, the motion was in all respects properly denied. Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.